ESSEX COUNTY CIRCUIT COURT.

GLENMORE DISTILLERIES COMPANY OF NEW YORK, IN-
CORPORATED, A CORPORATION, PLAINTIFF, v. FAST
TRUCKING, INCORPORATED, A CORPORATION, DE-
FENDANT.

Decided March 27, 1936.

For the plaintiff, *Herman C. Silverstein.*

For the defendant, *Gross & Gross.*

JOSEPH L. SMITH, C. C. J.   This comes on a motion to
strike the plaintiff's complaint on the ground that the con-
tract alleged therein and made the basis of the claim, is in
violation of the criminal code of the United States, and its
enforcement would be contrary to public policy.

The plaintiff's action is, in substance, based upon a con-
tract of transportation with the defendant, a common carrier,
whereby the latter agreed to transport for the plaintiff, from
New York City to New Jersey, a quantity of intoxicating
liquor, to be delivered by the defendant to the consignee,
C. O. D., and that in violation of such agreement, the defend-
ant carrier, transporting and delivering the said liquor to
the consignee, accepted a post-dated check, which was subse-
quently dishonored.

The defendant contends that the contract is in violation
of section 389 of the United States Code Annotated, title 18,
page 238, United States Criminal Code, section 239.   This

section provides for a maximum fine of $5,000, against any common carrier who, in connection with the transportation of any intoxicating liquor of any kind, from any state in the union, to any other state in the union, or from any foreign country, into any state in the union, shall collect the purchase price or any part thereof, before, on or after delivery from the consignee, or shall in any manner, act as an agent of the buyer or of the seller of such liquor, for the purpose of buying or selling or completing the sale of such liquor.

Concededly, the facts in the case before the court come within the purview of the statute. The principal argument of plaintiff is that the statute in question is inapplicable to the present case in that the history of the enactment of the section referred to, discloses an intent on the part of congress to regulate the transportation of intoxicating liquors between so-called wet states and dry states, and that the act was not enacted to regulate traffic between states which permit the manufacture, sale and consumption of intoxicating liquors.

The language of the act is clear and unambiguous and does not permit such an interpretation. While it is true that in construing a statute, the courts must look to the intent rather than to the letter of the statute, it is equally true that in order to discover such legislative intent, the court must look to the statutory language alone, in its application to the subject; especially where the language of the statute is explicit, and not subject to dual interpretations. *In re Hudson County,* 106 *N. J. L.* 62; 144 *Atl. Rep.* 169; *In re Freeholders of Hudson County,* 105 *N. J. L.* 57; 143 *Atl. Rep.* 536; *Keyport and M. P. Steamboat Co.* v. *Farmers Transportation Co.,* 18 *N. J. Eq.* 13; *State* v. *Underground Cable Co.,* 18 *Atl. Rep.* 581; *Pierson* v. *Cady,* 84 *N. J. L.* 54; 86 *Atl. Rep.* 167. Did congress intend to give to the statute the limitation suggested by the plaintiff's attorney? It would have been a simple matter to express such limitation in the statute. The intent of congress is clearly expressed in the act. It is to prevent a common carrier from acting as an agent of buyers or sellers of intoxicating liquor in interstate commerce, except as carriers; to prevent their activities for and on behalf of buyers or sellers of intoxicating liquors in inter-

state commerce for the purpose of selling or completing the sale of such liquors, and specifically prohibits the collection of the purchase-money by the common carrier before, on or after delivery. The statute in question being clear and explicit, there is no occasion for the court to delve into the history of its passage in order to determine the intent of congress, sufficiently expressed in the act.

It is further argued by plaintiff that the statute in question was repealed by the eighteenth amendment and by subsequent legislation of congress. This argument is based entirely on implications. The plaintiff's attorney refers to section 205 (d) of the United States Code Annotated, title 27, page 116, Pocket Parts 1935, passed August 29th, 1935, as implying such a repeal; the argument being that by prohibiting the sale of distilled spirits on consignment, or on conditional sale, congress meant to permit sale by C. O. D. shipment, through common carriers. It does not so follow.

That the eighteenth amendment did not contemplate the repeal of the statute in question, is further brought out by section 35 of the National Prohibition act (*U. S. Code Annotated, title* 27, *p.* 226, § 52), which provided as follows:

"All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor, shall be construed as in addition to existing laws."

And further, by an act of congress passed on November 23d, 1921, being chapter 134, section 5 (*U. S. Code Annotated, title* 27, § 3), providing as follows:

"All laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition act was enacted, shall be and continue in force, as to both beverage and non-beverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition act or of this act."

There is no force in the argument that the statute now before the court has been repealed, expressly or by implication.

It is further argued by the plaintiff that the duty of the

defendant in the present case, as alleged in the complaint, is distinct and separate from the contract entered into relative to the C. O. D. shipment. Plaintiff makes this assertion without further argument or analysis. The conclusion is not borne out by the facts in the case. The agreement to collect the purchase price upon delivery, is the very agreement which is alleged to have been violated, and which in turn, is contrary to the provisions of the statute above referred to.

The plaintiff further argues that the statute in question, if in existence to-day, is unconstitutional. The plaintiff cites or quotes no authority, and his contention does not go beyond the assertion of a conclusion.

The contract in question was entered into after the enactment of the statute, and therefore the statute cannot be said to be in abrogation of contractual rights; the statute is limited to common carriers engaged in interstate commerce, clearly within the province of congress to legislate upon.

It appears, therefore, that the complaint is based upon a contract in violation of the criminal code of the United States, and is therefore against public policy, and should not be enforced.

An order will be signed dismissing the complaint.